UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

CROSBY CAPITAL USA LLC                    Civ Action No. _____

      Plaintiffs,

  -against-


 CONTACT HOLDINGS CORP, ELI MAOR
---------------------------------------------------------------X


To:   Contact Holding Corp
      18706 Hillside Ave
      Hollis NY 11432

      ELI MAOR
      21108 82ND AVE
      QUEENS VILLAGE NY 11427


A LAWSUIT HAS BEEN FILED AGAINST YOU

Within 21 days after service of this summons on you (not counting the day you received it) or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The Answer or motion must be served on the Plaintiff or Plaintiff's attorney whose name and address are:

      Adam Kalish Esq.
      The Law Firm of Adam Kalish P.C.
      9306 Flatlands Ave
      Brooklyn, New York 11236

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the Court.



Date: January 3, 2019


                                                                         _____
                                                                         Signature of Clerk or Deputy Clerk

UNITED STATES DISTRICT COURT
EASTER DISTRICT OF NEW YORK
-------------------------------------------------------------X
CROSBY CAPITAL USA LLC                          Index No.: _____

               Plaintiffs,                          **CIVIL CASE NO.:**

  -against-                                                       COMPLAINT


 CONTACT HOLDINGS CORP, ELI MAOR
-------------------------------------------------------------X

      CROSBY CAPITAL USA LLC, by their Attorney The Law Firm of Adam Kalish P.C., as and for their complaint respectfully alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Crosby Capital USA LLC, is a Delaware Limited Liability Company, that is authorized to do business in Florida with an address of 1688 Meridian Avenue, 6th Floor, Miami Beach, Fl 33139.

2. Defendant, Contact Holdings Corp, is upon information and belief a New York Domestic Corporation with an address of 18706 Hillside Ave, Hollis NY 11432.

3. Defendant Eli Maor, is upon information and belief an individual with a residence of New York State with an address 21108 82nd Ave, Queens Village, New York 11427

4. Plaintiff is not a citizen of the same state as the defendants.

5. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332.

7. Venue in this judicial district is proper pursuant to 28. U.S.C. 1391 (b) (1) & (2), because the Defendants are residents in this judicial district and a substantial part of the events giving rise to the claim occurred is situated in this judicial district.

## FACTUAL ALLEGATIONS

8. Upon information and belief, on or about December 3, 2007, Waheed Egbo purchased the property known as 107 Harman Street, Brooklyn, New York for a purchase price of $660,000.00

9. Upon information and belief, on or about December 3, 2007, Waheed Egbo financed the purchase of the property known as 107 Harman Street, Brooklyn, New York with a loan in the amount of $594,000.00.

10. Upon information and belief, on or about December 14, 2007, the mortgage was recorded with the County Clerk and was available to the public via NYC ACRIS.

11. Pursuant to the Mortgage Rider (Assignment of Rents) paragraph "H," Upon Lender's request after default, Borrower shall assign to Lender all leases of the property and all security deposits made in connection with leases of the property.

12. Said mortgage and Rider constituted a valid contract binding on the property and on Mr. Egbo.

13. Upon information and belief, Contact Holdings Corp. knew about the mortgage and the mortgage rider that are recorded against the property.

14. Upon information and belief, Contact Holdings Corp. at the direction of its managing member Eli Maor, went into contract with Mr. Egbo for a purchase price of $300,500.00.

15. Upon information and belief, the parties went to closing and the property was deeded to Contact Holdings Corp. however, the mortgage was never paid.

16. Pursuant to Article 18 of the mortgage documents, Lender declared the mortgage in default.

17. Pursuant to the Mortgage Riders, the rents were thereafter assigned to the mortgage holder.

18. Upon information and belief, on March 12, 2018, the mortgage was assigned to Crosby Capital USA LLC.

19. Upon information and belief, Contact Holdings Corp. has interfered with the Plaintiff Mortgage Rider in preventing the mortgage holder from the assignment of rents

## COUNT 1- TORTIOUS INTERFERENCE WITH A CONTRACT

20. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs as if fully set forth herein.

21. The mortgage and riders that are secured against the property constitute a valid binding contract.

22. The defendants had knowledge of this contract.

23. Even though the defendants knew about the Plaintiff's mortgage and assignment of leases and rents, the defendants have continued to prevent the lender from collection of the rents.

24. As a direct and proximate result of the defendants' tortious interference with Crosby Capital USA LLC mortgage and assignment of leases and rents, Crosby Capital has suffered and continues to suffer damages in an amount to be determined at trial but, in no event to less than One Hundred Fifty Thousand ($150,000.00) Dollars

25. Further, Crosby Capital USA LLC is entitled to punitive damages in the amount of Twenty Thousand ($20,000) dollars because, as set forth in the previous paragraphs, Defendants' conduct was willfully, wantonly and maliciously designed to benefit himself at the expense and diminishment of Plaintiff.

## COUNT 2 UNJUST ENRICHMENT

26. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs as if fully set forth herein.

27. The defendants have and continue to receive the monthly rent for the property which belongs to Crosby Capital USA LLC.

28. The defendants have benefitted from the receipt of the money.

29. Under the principles of equity and good conscience, the defendants should not be permitted to retain the money that rightfully belongs to Crosby Capital USA LLC.

30. As a direct and proximate result of the defendant's tortious interference with Crosby Capital USA LLC mortgage and assignment of leases and rents, Crosby Capital has suffered and continues to suffer damages in an amount to be determined at trial but, in no event to less than One Hundred Fifty Thousand ($150,000.00) Dollars

31. Further, Crosby Capital USA LLC is entitled to punitive damages in the amount of Twenty Thousand ($20,000) dollars because, as set forth in the previous paragraphs, Defendants' conduct was willfully, wantonly and maliciously designed to benefit himself at the expense and diminishment of Plaintiff.

**WHEREFORE,** Plaintiffs demand the following relief:

a. Plaintiffs' First Cause of Action, a money judgment in favor of Crosby Capital USA LLC and against defendants jointly and severally in an amount to be determined at trial, but no less than One Hundred Fifty thousand ($150,000.00) dollars;

b. On Plaintiffs' First Cause of Action, punitive damages in favor of Plaintiff and against Defendants jointly and severally in an amount to be determined at trial, but no less than Twenty Thousand ($20,000);

c. On Plaintiffs' Second Cause of Action, a money judgment in favor of Crosby Capital USA LLC and against Defendants jointly and severally in an amount to be determined at trial, but no less than One Hundred Fifty Thousand ($150,000.00) dollars;

d. On Plaintiffs' Second Cause of Action, punitive damages in favor of Plaintiff and against Defendants jointly and severally in an amount to be determined at trial, but no less than Twenty Thousand ($20,000);

e. An award granting Plaintiffs their cost and expenses, including his attorney's fees to the extent permitted by applicable law;

f. An award granting Plaintiffs pre-judgment interest; and

g. Any other relief as the Court deems just and proper

Dated: Brooklyn, New York
January 3, 2019

*Adam Kalish*
Adam Kalish, Esq.
Law Offices of Adam Kalish

9306 Flatlands Avenue

Brooklyn, NY 11236

Tel: 718 272 6040

## **ATTORNEY VERIFICATION**

Adam Kalish, Esq. an attorney duly admitted to practice law before the Courts of the State of New York, affirms the truth of the following under penalty of perjury.

I am the Principal Attorney with the Law Firm of Adam Kalish P.C., attorney for the Plaintiff in the instant action, that I have read the foregoing Summons and Verified Complaint and know the contents thereof and that upon information and belief, I believe the matters alleged therein to be true.

The reason this verification is made by deponent and not by Plaintiff is that the Plaintiff resides in a County other than the one in which Plaintiff's attorney maintains his office.

The source of deponent's information and grounds of my belief are communications, papers, reports and investigations contained in this file.

Dated: Brooklyn, New York
      January

*Adam Kalish*
Adam Kalish Esq.